**Boyce Thomas McCALL,
Plaintiff-Appellant,**

v.

**Kenneth L. PENEGAR and Donald S.
Cohen, Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section.

July 11, 1975.

Certiorari Denied by Supreme Court
Oct. 6, 1975.

Petition to Rehear Denied by Supreme
Court Nov. 3, 1975.

Boyce Thomas McCall, pro se.

Foster D. Arnett, Arnett, Draper & Hagood, Knoxville, for defendants-appellees.

CARNEY, Presiding Judge.

Plaintiff Boyce Thomas McCall brought suit against the Defendant Kenneth L. Penegar, Dean of the College of Law of the University of Tennessee, and Donald S. Cohen, Assistant Dean of the College of Law of the University of Tennessee, seeking punitive damages in the sum of $500,000 because they rejected his application for admission to the College of Law. Mr. McCall is a member of the Police Force of the City of Knoxville. The Circuit Court granted summary judgment in favor of the Defendants. Plaintiff appealed insisting that he was entitled to a jury trial.

Mr. McCall, age 44, does not have a high school diploma.

In Mr. McCall's written application for admission to the University of Tennessee College of Law, he gave as his reason for seeking to pursue a legal education: "It is my desire to pursue a legal education for the expressed purpose of pursuing a successful cause of action against the American Bar Association. The Bar in my opinion represents a criminal conspiracy of Judges and Lawyers without the necessary restraints as required by society."

Mr. McCall argued this appeal before this Court and gave as his reason for wanting to study law that he thought it would help him as a citizen. He stated that he did not intend or desire to practice law.

In their affidavits in support of the motion for summary judgment, Dean Penegar and Dean Cohen stated that the Appellant failed to qualify for admission to the College of Law as follows:

"4. That by reference to that application, it appeared clear that the applicant (plaintiff) did not and had not minimum standards for admission duly and regularly prescribed by the Board of Trustees, University of Tennessee, by Rule 37 of the Tennessee Supreme Court, by the American Bar Association, and by the Association of American Law Schools, each of said entities having supervisory and/or accrediting authority over the University of Tennessee, College of Law.

5. Specifically, by reference to *Exhibit* 1, the following appeared:

(a) that plaintiff had no earned college credits, and he did not possess a Bachelor's or Baccalaureate Degree;

(b) That plaintiff does not possess a high school diploma;

(c) that plaintiff had not taken the Law School Admission Test (LSAT), a prerequisite for admission;

(d) that plaintiff had not registered with the Law School Data Assembly Service (LSDAS) as required for admission to the law school.

(e) That plaintiff had not supplied the names and addresses of two references as required by the College of Law application for admission form."

Dean Penegar and Dean Cohen also made affidavit that the total capacity of the school for the first year law class was 259 students to be selected from 1,290 persons applying and that in 1973 the school was limited to 270 freshmen out of a total of 1,300 applications for admission.

The Appellant contends that by his being denied his application to enter the College of Law of the University of Tennessee he is being denied his rights under the Constitution of the State of Tennessee and under the Constitution of the United States. We respectfully disagree. The lower Court correctly held that the Defendants Dean Penegar and Dean Cohen did not violate any constitutional rights of the Appellant McCall when they denied his application for admission to the College of Law; that they were not liable in damages to him for any amount; that there was no matter to be submitted to a jury and that His Honor the Trial Judge properly granted summary judgment.

The assignment of error is respectfully overruled. The costs of this appeal are taxed to the Appellant and the appeal is dismissed.

MATHERNE, J., and McAMIS, Special Judge, concur.